# CHARLESTOWN.

### SULLIVAN *v.* MYERS.

Submitted June 12, 1886.—Decided September 18, 1886.

1. In an action for malicious prosecution it appeared, that the plaintiff had been arrested and taken before a justice charged with a misdemeanor, and without lawful authority a jury of six were sworn to try the question of his guilt and rendered a verdict of not guilty, upon which the justice discharged the prisoner. Upon the trial for malicious prosecution the transcript of the docket of the justice showing what took place at the trial and the verdict and judgment was offered in evidence by the plaintiff, and the whole transcript was objected to by defendant, and the objection was overruled and the transcript admitted :   HELD.

No error sufficient to reverse the judgment.

*John Bassel* for plaintiff in error.

*A. L. Husted* for defendant in error.

JOHNSON, PRESIDENT:

In the circuit court of Harrison county Isaac Myers brought this action against James Sullivan for malicious prosecution. The summons was returnable to December rules, 1881. He avers that without any reasonable or probable cause whatever the defendant caused and procured the plaintiff to be arrested and to be kept and detained in prison for a long time, to-wit: for the space of twenty-four hours; that on September —, 1881, he caused the plaintiff to be carried before Jesse F. Randolph, a justice of the peace, to be tried for an offence, and the charge was tried before a jury of six persons, which jury having heard and considered all the said Sullivan could allege found the defendant not guilty of the offence charged; and the said justice adjudged the prisoner not guilty of the offence charged and discharged the plaintiff from said offence, &c. The defendant pleaded not guilty, and the issue was tried before a jury, which on January 31, 1883, rendered a verdict finding the defendant guilty and assessing the plaintiff's damages at $200.00. The defendant moved the court to set aside the verdict and grant him a new trial, which motion the court overruled and the defendant excepted.

Upon the trial the plaintiff, to maintain the issue on his part, offered in evidence the complaint, which was sworn to by Isaac Myers, which charged that James Sullivan "unlawfully but not feloniously" tore down and moved away from the premises of complainant a house not belonging to him," &c. Also the warrant of the justice and return by the constable showing he had arrested said Sullivan, also a paper purporting to be a transcript of the docket of said justice, showing that Myers had made complaint, that a warrant issued, upon which Sullivan was arrested, that Sullivan asked for a jury, which was not objected to, and a jury of six was impannelled and heard the evidence and returned a verdict of not guilty. "Therefore it is ordered that the defendant James Sullivan be discharged and judgment is ordered against Isaac Myers complainant in favor of James Sullivan defendant for costs by him about his suit expended," &c. The bill of exceptions concludes: "to the offering of which transcript the defendant objected, waiving by counsel the fact, that said transcript was not properly certified by the justice of the peace to be a copy of said papers

and transcript, which objection to the introduction of said transcript the court overruled and permitted said transcript to be read in evidence," to which ruling the defendant excepted, &c. To the judgment of the court the defendant obtained a writ of error and says in his assignment, that the court erred in overruling the demurrer to the declaration and also in admitting the said transcript in evidence.

In the brief filed the demurrer is not insisted on, and the declaration, while imperfectly drawn, shows a good cause of action. The second error is here pressed by counsel, who insists, that the action of the justice in proceeding to summon a jury and render final judgment was wholly without authority of law, and that the admission in evidence of the transcript showing the verdict of the jury was improper. It is conceded, that the trial by jury before a justice in such a case has no warrant in law. It was not the province of the justice to convict the defendant but to bind him to answer an indictment, if there was probable cause to hold him, or, if there was not such cause, to discharge him. Here it is insisted, that the defendant was prejudiced by the admission of the fact, that the defendant in the complaint heard by the justice (the plaintiff here) was acquitted by the verdict of a jury, when no jury could be legally summoned in such a case. In *Hale* v. *Boylen*, 22 W. Va. 240, it was said:

"In an action for malicious prosecution the burden of proving want of probable cause is in the first instance on the plaintiff; for the law presumes that every public prosecution is founded on probable cause. But as want of probable cause is a negative proposition necessarily difficult of proof, slight evidence is regarded sufficient to prove such want of probable cause. * * But slight as the evidence is, that is necessary to prove in the first place a want of probable cause, yet there are many cases which hold that the acquittal of the plaintiff by a jury will not even amount to *prima facie* evidence of such want of probable cause, though some have said such acquittal would amount to *prima facie evidence* of a want of probable cause, and thus throw the burden of showing that there was probable cause on the defendant. It is obvious therefore from the decisons, that if the acquittal of the plaintiff is any evidence at all on the question of whether there was or was not probable cause, it is entitled to very little weight."

If the evidence objected to was improperly admitted, it is difficult to see how the defendant was prejudiced by its admission. But it was so connected with the judgment discharging the prisoner, that without it the judgment would be intelligible. The judgment, while proper evidence, is, as we have seen, being a *discharge*, evidence of very little weight; yet the plaintiff was entitled to it. This judgment is contained in the *transcript* which was objected to. The objection and exceptions were not to the *verdict* of the jury but to the whole transcript, and, as we have seen, the verdict is so connected with the judgment, that the latter would be unintelligible without the former. But it is said, that the justice pronounced no judgment of his own, but merely entered a judgment on the illegal verdict. But if the verdict was without authority, as it was, it was a nullity, but the judgment, being authorized it can not be treated as void.

Under the circumstances of this case we can not say that the court erred in admitting the transcript. The judgment of the circuit court is affirmed.

AFFIRMED.